# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JOHN D. STANDFILL, )
)
Petitioner, )
)
v. ) Case No. CIV 11-182-RAW-KEW
)
MIKE ADDISON, Warden, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections, is challenging the acceleration of his deferred sentence in Oklahoma County District Court Case No. CF-2005-6857 for Endeavoring to Manufacture a Controlled Dangerous Substance. He alleges the new crimes that were used to accelerate his sentence were supported solely by evidence obtained by the egregious conduct of the police, in violation of the constitutional prohibition of unreasonable searches and seizures. The respondent alleges the Oklahoma Court of Criminal Appeals (OCCA) found that petitioner's Fourth Amendment rights were not violated, and the claim is not subject to federal habeas review.

Petitioner argues that the evidence discovered by the police, and relied upon by the State at his acceleration hearing, was obtained in violation of the Fourth Amendment during a search incident to an unlawful arrest. He, therefore, maintains the evidence should have been excluded from his acceleration hearing. This claim was raised in his direct appeal to the OCCA which found no violation of petitioner's Fourth Amendment rights. *Standfill v.*

*State*, No. F-2009-883, slip op. at 2-3 (Okla. Crim. App. Apr. 19, 2011).

The record shows that on April 17, 2008, petitioner, represented by counsel, entered a guilty plea in Case No. CF-2005-6857 and received a five-year deferred sentence (O.R. 58-68). On April 17, 2009, the State filed an Application to Accelerate Deferred Sentence, alleging petitioner had committed the new felony offenses of Trafficking in Illegal Drugs, Possession of Proceeds derived from a violation of the Uniform Controlled Dangerous Substances Act, and Possession of Drug Paraphernalia (O.R. 74). The State charged the defendant with the above-mentioned charges in Oklahoma County Case No. CF-2009-153. A hearing on the State's Application to Accelerate was held, with the State relying solely on the preliminary hearing transcript in CF-2009-153 to support its application to accelerate the defendant's sentence (Tr. Hearing on Application to Accelerate at 4-6). The state district court accelerated petitioner's sentence in Case No. CF-2005-6857 and ordered him to serve fifteen years in prison (O.R. 79).

On appeal the OCCA found the Oklahoma County District Court had not abused its discretion in accelerating petitioner's deferred sentence, based upon a review of the preliminary hearing transcript from Case No. CF-2009-153. *Standfill v. State*, No. F-2009-883, slip op. at 2. The OCCA further found there was no unreasonable search and seizure. *Id.* at 2-3.

> This Court has consistently held that an acceleration proceeding does not require the same broad scope of due process protection as a criminal proceeding. *Degraffenreid v. State*, 1979 OK CR 88, ¶ 14, 599 P.2d 1107, 1110. Standfill acknowledges this Court's approval of the introduction of a preliminary hearing transcript as evidence at an acceleration hearing. *Wortham v. State*, 2008 OK CR 18, ¶ 15-16, 188 P.3d 201, 206. However, he argues that the police conduct which resulted in his arrest for the offenses charged in Case No. 2009-153 constituted an unreasonable search, and the

> evidence obtained as a result of the search should be excluded from his acceleration proceeding as well as his trial on the new charges.
>
> The standard of review in acceleration proceedings is abuse of discretion. *Jones v. State*, 1988 OK CR 20, ¶ 8, 749 P.2d 563, 565; *Crowels v. State*, 1984 OK CR 29 ¶ 6, 675 P.2d 451, 453; *Sparks v. State*, 1987 OK CR 247 ¶ 5, 745 P.2d 751, 752. A review of the transcript submitted as evidence at Standfill's acceleration hearing does not support a finding that the search which resulted in his arrest was a violation of his right to be free of unreasonable searches and seizures. We find nothing in the record presented to this Court indicating that the District Court abused its discretion in accelerating Standfill's deferred sentence.

*Standfill*, No. F-2009-883, slip op. at 2-3.

Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings, if the petitioner had an opportunity for full and fair litigation of the claim in state court. *Stone v. Powell*, 418 U.S. 465, 494 (1976). Here, petitioner had the opportunity and exercised it fully. The issue was initially raised in the trial court at petitioner's hearing on the State's Application to Accelerate Deferred Sentence. The trial court found that it was proper to rely on the preliminary hearing transcript in Case No. CF-2009-153. Petitioner then raised the claim on appeal to the OCCA, but his argument was rejected. Petitioner's federal habeas corpus claim therefore is barred, pursuant to *Stone*.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and

legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 14th day of August 2014.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE